UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE GUADALUPE CUEVAS ORTEGA,

Petitioner,

v.

Case No. 2:26-cv-3077-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.

__________________________________/

# ORDER

Petitioner Jorge Guadalupe Cuevas Ortega is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and two motions: to stay transfer (Doc. 3) and to expedite his case (Doc. 2).[1] He seeks an order preventing the Government from moving him out of Florida while his habeas petition is pending.

To obtain a temporary restraining order or a preliminary injunction, like what is sought here in substance, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

**A. Transfer**

Ortega's request to prohibit his transfer outside of Florida is denied. "That's because a district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General." *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025). What is more, "jurisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Ortega's transfer to somewhere besides Florida is otherwise superfluous to addressing the petition. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

Ortega expresses concern that a transfer would impede access to legal materials. But this concern is speculative, as any mail should be forwarded to the new facility, and Ortega must change his address if transferred. With

these safeguards, relocating Ortega to another facility does not cross a constitutional line. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("[A] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.").

**B. Expedite**

Ortega next seeks expedited consideration of his habeas petition. His reasons for requesting immediate action are undeniably serious. He references that his prolonged detention is causing irreparable harm. The Court does not take these allegations lightly. But here is the reality of the situation on the ground: the Court lacks the resources to expedite this case. Over the past few months, this district has been inundated with ***thousands*** of habeas corpus petitions. The vast majority of claimants are, just like Ortega, alleging unconstitutional detention. And a great many of them, just like Ortega, have been detained for prolonged periods of time.

The Court is doing its level best to work through these cases as efficiently and effectively as possible. But "this is a district court—not a Denny's." *A.A.R.P. v. Trump*, 137 F.4th 391, 394 (5th Cir. 2025) (Ho, J., concurring). And despite what Ortega might believe, his petition is not a simple, run-of-the-mill filing. He raises complex legal claims challenging the government's authority to detain him pending removal. Resolving this

dispute requires grappling with nuanced issues of statutory interpretation and constitutional due process. The Court cannot simply snap its fingers and arrive at the outcome.

Finally, there is a practical point to make here. When the Court is forced to stop reviewing the merits of these urgent petitions to read, consider, and draft orders resolving ancillary requests for speed—like the motion filed here—the entire process slows down. The arithmetic of a crowded docket is unforgiving. Every time a petition is pulled out of order and moved to the front of the line, another petition inevitably gets pushed further back. In a landscape where so many litigants are seeking urgent relief, fairness requires managing the queue with an even hand, rather than allowing a motion to expedite to effectively penalize those who are patiently waiting their turn.

While the Court takes Ortega's underlying liberty claims seriously, the specific stopgap measures he requests are not warranted on the facts or argument presented. Accordingly, his Motion to Prevent Transfer (Doc. 3) and Motion for Expedite (Doc. 2) are **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on November 19, 2026.

Kyle C. Dudek
United States District Judge